O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JOSE GONZALEZ, | CASE NO. CV 12-3467 ODW (FMO) |
| Plaintiff, | |
| vs. | ORDER DENYING DEFENDANT'S MOTION TO COMPEL ARBITRATION [19] |
| PREFERRED FREEZER SERVICES, LBF, LLC | |
| Defendant. | |

## I.   INTRODUCTORY BACKGROUND

Alleging several wage and hour violations, Jose Gonzalez ("Plaintiff") brought this action in California state court against his former employer, Preferred Freezer Services LBF, LLC ("Defendant" or "PFS").  Defendant removed the action to this court, and now moves to compel arbitration pursuant to the "Dispute Resolution Policy, in accordance with the Federal Arbitration Act ["FAA"] and federal law." (Mot. at 1.)  The Court turns immediately to the parties' arguments.

*Agreement to Arbitrate*

It is undisputed that at all relevant times Plaintiff was employed by Defendant as an at-will "freezer checker." (Mot. at 2.)  Defendant argues that upon employment, "Plaintiff received an employee handbook (the "Employee Handbook") containing a dispute resolution policy (the "Dispute Resolution Policy"), which requires all employees to arbitrate "any and all claims arising from their employment with the company." (Mot. at

1
2
3
4
5
6

2) (citing "Anderson Decl." at ¶ 3, Ex. A.)  "Plaintiff signed an acknowledgment stating that he received the Employee Handbook, understood all of the contents of the Employee Handbook, and agreed to all of the policies and guidelines contained in the Employee Handbook, including the Dispute Resolution Policy." (Id.)  Thus, argues Defendant, "Plaintiff's claims are all subject to binding individual arbitration, and cannot be considered by this court." (Id.)  As discussed below, the Court disagrees.

7
8
9
10
11
12
13
14
15
16
17
18

> The Dispute Resolution Policy, found in the Employee Handbook, provides in full:
>
> The Company is committed to providing a work environment where employees are treated fairly and in accordance with all applicable laws. However, there may be times when an employee or former employee believes that he or she has a legal claim arising from his or her employment with the Company. In that case, it is in the best interests of both the employee and the Company to have that dispute resolved fairly and expeditiously.  Therefore, all employees of the Company must agree to submit to final and binding  arbitration any and all claims arising from their employment with the Company unless such arbitration is prohibited by governing law.  ***At the same time that you receive a copy of this Employee Handbook, you will also be given an Arbitration Agreement, which you will be asked to sign and return to your department manager.***

19

(Anderson Decl., Exh. A) (emphasis added).

20
21
22
23
24
25
26

According to the Dispute Resolution Policy itself, then, Plaintiff was required to separately sign an Arbitration Agreement.  Defendant, however, has failed to produce a signed copy of the Arbitration Agreement contemplated by the Dispute Resolution Policy. Notwithstanding the failure to locate such a document, PFS contends "Plaintiff surely signed it, because it is PFS['s] practice to require every employee to sign" an Arbitration Agreement as a condition of employment. (Mot. at 4; Opp'n at 6.)  Be that as it may, Plaintiff avers that he signed no such document. (Gonzalez Decl. ¶ 2.)

27
28

Defendant next contends "[t]he Supplemental Arbitration Agreement is not the actual agreement to arbitrate. It is merely a supplemental agreement setting forth specific arbitration rules and procedures for employees who already agreed to the Dispute Resolution Policy in the Employee Handbook." (Mot. at 4.)  The Court disagrees.  As noted above, the Dispute Resolution Policy in the Employee Handbook expressly and unambiguously contemplates that at "the same time [ ] you receive a copy of this Employee Handbook, you will also be given an Arbitration Agreement, which you will be asked to sign and return to your department manager." (Anderson Decl., Exh. A.)  While Defendant posits that "Plaintiff surely signed" the Arbitration Agreement (Mot. at 4), absent persuasive proof of Plaintiff's assent to arbitration, the Court finds that Defendant has not met its burden of establishing that the parties mutually agreed to arbitrate their disputes.

*Unconscionability*

Even had Defendant demonstrated Plaintiff's assent to arbitration, Plaintiff argues the Arbitration Agreement cannot be enforced because it is unconscionable.  (Opp'n at 13.)

"In determining the validity of an agreement to arbitrate, federal courts 'should apply ordinary state law principles that govern the formation of contracts.'" *Ferguson v. Countrywide Credit Indus., Inc.*, 298 F.3d 778, 782 (9th Cir. 2002) (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)).  "A finding of unconscionability requires 'a 'procedural' and a 'substantive' element, the former focusing on 'oppression' or 'surprise' due to unequal bargaining power, the latter on 'overly harsh' or 'one-sided' results.'" *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1746 (2011) (quoting *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 114 (2000)).

Procedural Unconscionability

Procedural unconscionability turns on factors of "oppression" and "surprise," with courts focusing on "the manner in which the contract was negotiated and the circumstances of the parties at that time." *Kinney v. United Healthcare Servs., Inc.*, 70 Cal. App. 4th 1322, 1329 (1999).  "The oppression component arises from an inequality of bargaining power

of the parties to the contract and the absence of real negotiation or a meaningful choice on the part of the weaker party." *Id.* (citations omitted). The surprise component deals "with the terms to which the party supposedly agreed being hidden in a prolix printed form drafted by the party seeking to enforce them." *Kinney*, 70 Cal. App. 4th at 1329–30.

Proof of oppression abounds. According to not only the Employee Handbook, but also to PFS's own declaration, each employee is required to acknowledge his or her consent to the Handbook's terms–including the Dispute Resolution Policy–as a condition of employment with the company. (Opp'n at 15) (citing Anderson Decl. ¶ 4 (stating that, "as a condition of continued employment, each PFS [] employee is required to sign an Acknowledgment of Receipt of the Handbook, in which the employee acknowledges reading the Handbook and agrees to follow all of the policies contained in the [E]mployee [H]andbook, including the Dispute Policy")).

Indeed, it appears that neither Plaintiff nor any PFS employee may "opt out" of the arbitration agreement drafted by PFS or negotiate any of its terms. *See Abramson v. Juniper Networks, Inc.*, 115 Cal. App. 4th 638, 663 (2004) (finding oppression in an arbitration agreement presented on a "take it or leave it basis," where "all [] employees were required to sign these documents as a condition of employment").

As to surprise, "PFS's Employee Handbook is at least 77 pages in length, with the Dispute Resolution Policy buried toward the end on page 69." (Opp'n at 16) (citing Anderson Decl. Exhs. A, E.) Presenting such an important policy to employees in such a nondescript manner satisfies the element of surprise – particularly where PFS drafted the subject agreements and retained for itself the unilateral right to modify its arbitration policy at any time. *See Kinney*, 70 Cal. App. 4th at 1330 (finding surprise where the arbitration policy was buried "with[in] a copy of the Handbook, contained in a large three-ring binder," and when "the [acknowledgment] form did not specify the details of that policy, including the fact that [the employer] . . . could modify the policy at any time" and the fact that "the policy significantly limited [the employee]'s procedural and substantive rights").

4

Substantive Unconscionability

Substantive unconscionability shifts the inquiry from the manner in which the agreement was negotiated to its specific terms. *Kinney*, 70 Cal. App. 4th at 1330. Seizing on Defendant's insistence that "[t]he actual agreement to arbitrate is the Dispute Resolution Policy in the Employee Handbook" (Mot. at 9), Plaintiff points out that under the terms of that policy, "the only party required to arbitrate is the PFS employee, with PFS itself retaining the right to bring any of its claims in the forum of its choice." (Opp'n at 17) ("As stated in the Dispute Resolution Policy, 'all employees of the Company must agree to submit to final and binding arbitration any and all claims arising from their employment with the Company.' ") (citing Anderson Decl. Ex. A)). There is no provision in the Policy stating that PFS, too, is required to submit its claims to arbitration. Such is unacceptable. *See Kinney*, 70 Cal. 4th at 1332 ("we find that the unilateral obligation to arbitrate is itself so one-sided as to be substantively unconscionable"); *see also Nyulassy v. Lockheed Martin Corp.*, 120 Cal. App. 4th 1267, 1282 (2004) (finding substantive unconscionability where "agreement requires plaintiff only to arbitrate any and all of his employment claims").

Looking beyond the Dispute Resolution Policy, other provisions also render the agreement to arbitrate substantively unconscionable. (Opp'n at 18.) The Preferred Freezer Services Acknowledgment of Receipt gives PFS—and PFS alone—the "right to revise the policies and procedures in th[e] Handbook at any time." (Id.) (quoting Anderson Decl. Ex. D.) The Handbook of course contains the Dispute Resolution Policy, which means that PFS has the unilateral ability to modify or terminate that Policy's terms. *See Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1179 (9th Cir. 2003) ("By granting itself the sole authority to amend or terminate the arbitration agreement, [the employer] proscribes an employee's ability to consider and negotiate the terms of her contract."), overruled on other grounds as stated in *Bryant v. Serv. Corp. Int'l*, 801 F. Supp. 2d 898, 906 (N.D. Cal. 2011). Similarly, the separate Preferred Freezer Services Arbitration Agreement also unfairly favors the employer. Although this document—unlike the Dispute Resolution Policy that

PFS contends is the actual arbitration policy—purports to require both parties to arbitrate their claims, it specifically excludes certain injunctive relief from arbitration. (Opp'n at 18-19.)

In short, the procedural unconscionability here is undisputable. Plaintiff had no option but to consent to the arbitration agreements drafted by Defendant as a condition of his employment. To the extent Defendant insists that the "actual agreement to arbitrate is the Dispute Resolution Policy in the Employee Handbook" (Mot. at 9), that agreement imposes a unilateral obligation to arbitrate and is unconscionable. As for the Preferred Freezer Services Arbitration Agreement, Plaintiff did not sign this document, as contemplated by the Dispute Resolution Policy.

## CONCLUSION

Defendant's motion to compel arbitration is **DENIED**.

**SO ORDERED**

July 5, 2012

_____
OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE