**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JOSE GONZALEZ,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>PREFERRED FREEZER SERVICES, LBF, LLC<br><br>　　　　　Defendant. | CASE NO. CV 12-3467 ODW (FMO)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE ANSWER [11] |

## I.　INTRODUCTION

　　Jose Gonzalez ("Plaintiff") commenced this action in California state court on March 15, 2012, on behalf of himself and a putative class of Preferred Freezer Services, LLC ("PFS" or "Defendant") employees. The Complaint alleges that PFS failed to properly calculate its employees' overtime wages, failed to provide them with adequate meal breaks, and failed to provide them with proper pay stubs. (Compl. ¶¶ 8–27.) Plaintiff contends these failures entitle the putative class to damages under both state and federal law. Plaintiff also alleges two claims on his own behalf: a claim for failure to provide adequate rest breaks, and a claim for wrongful termination. (Compl. ¶¶ 48–54.)

　　On April 20, 2012, PFS removed the action to this Court, having filed its Answer to the Complaint one day earlier. Instead of specifically denying the individual allegations of the Complaint, the Answer contains a "general denial" as to "each and every allegation contained [in the Complaint]." (Mot. at 2) ("In addition, the Answer sets forth thirty seven [37] affirmative defenses, none of which contain any facts supporting their applicability.").

Arguing federal law requires defendants to articulate the specific bases for their affirmative defenses, Plaintiff now moves to strike Defendant's Answer. (Opp'n at 2) ("Because PFS has not provided any facts whatsoever to support its defenses, they must be stricken as improper.").

## II.   DISCUSSION

*Legal Standard*

The procedural sufficiency of a claim or defense in federal court is governed by the federal rules, even though the defense relied on may be a state defense. *Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979). Pursuant to Federal Rule of Civil Procedure 12(f), the court is permitted to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A defense may be insufficient as a matter of pleading or as a matter of law. An affirmative defense may be considered insufficiently pled where it fails to provide plaintiff with fair notice of the defense asserted. *Wyshak*, 607 F.2d at 827. An affirmative defense is insufficient as a matter of law where "there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *Ganley v. Cnty. of San Mateo*, 2007 WL 902551 *1 (N.D. Cal. Mar.22, 2007); *see also Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1048 (N.D. Cal. 2004) ("A defense may be struck if it fails to provide 'fair notice' of the basis for the defense") (citation omitted). Because the purpose of pleading an affirmative defense is simply to give fair notice to plaintiff of the defense being asserted, leave to amend should be freely granted in the absence of prejudice to the opposing party. *Wyshak*, 607 F.2d at 826–27.

*Plaintiff's Motion*

In his moving papers, Plaintiff argued that an affirmative defense can be stricken either if it is deficient as a matter of law—that is, if it is "legally impossible"— or if it has been "insufficiently pled." (Mot. at 2–3) (further explaining that Plaintiff is moving only on the latter ground, i.e., that the "affirmative defenses fail to provide . . . fair notice").

Defendant's Opposition focuses on the first, alternative prong of the test. As stated above, however, that prong is not the basis for Plaintiff's Motion. Indeed, Defendant all but ignores the second prong, devoting only one page of its Opposition to the fair-notice requirement of the Federal Rules of Civil Procedure. (Reply at 1) (citing Opp'n at 6-7.) According to that one-page analysis, Defendant argues "'[t]he Ninth Circuit has held that "fair notice" does not require that [a] party plead all the elements of a prima facie case[] unless the pleading falls under the category of fraud, mistake or denial of conditions precedent, in which case Federal Rule of Civil Procedure 9(b) requires that the matter be pled with particularity.'" (Opp'n at 7) (quoting *Smith v. Wal-Mart Stores*, 2006 WL 2711468 at *12 (N.D. Cal. Sept. 20, 2006)) (emphasis removed)).

The lone *Smith* case upon which PFS relies, however, as well as the Ninth Circuit cases upon which *Smith* itself was based, were all decided well-before the U.S. Supreme Court issued its holdings in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *Twombly* and *Iqbal* of course require that a pleading set forth "enough facts" to make a claim "plausible on its face" regardless of whether a "heightened" pleading standard is involved. *Twombly*, 550 U.S. at 570; *see also Iqbal*, 556 U.S. at 684 (extending *Twombly*'s fact-pleading requirement to "all civil actions and proceedings in the United States district courts").

As Plaintiff rightly points out, the Ninth Circuit has not yet decided whether the reference in *Iqbal* to "all civil actions and proceedings in the United States district courts" covers the pleading of affirmative defenses. (Reply at 5) (quoting *Powertech Tech., Inc. v. Tessera, Inc.*, 2012 U.S. Dist. LEXIS 68711 *11 (N.D. Cal. 2012) (stating that "neither the Ninth Circuit nor the Supreme Court has directly addressed th[e] question" of whether *Twombly* and *Iqbal* apply to affirmative defenses). As noted in *Powertech*, however, "[w]hile district courts have split on the issue, most have found that the heightened pleading standard does apply to affirmative defenses." *Id.*

3

> As other judges in the Northern District of California have already explained, *Twombly* and *Iqbal* changed the legal foundation underlying the Ninth Circuit's *Wyshak* decision, and the reasoning in those decisions also applies in the context of affirmative defenses.[5] "At the time *Wyshak* was decided, the fair notice pleading standard was governed by *Conley v. Gibson*, 355 U.S. 41 (1957), which held that 'a complaint [could] not be dismissed for failure to state a claim unless it appear[ed] beyond doubt that the plaintiff [could] prove no set of facts in support of his claim which would entitle him to relief.'" "In *Wyshak*, the Ninth Circuit applied the *Conley* pleading standard for complaints to the pleading of affirmative defenses." Id. "However, the Supreme Court's *Twombly* and *Iqbal* decisions in 2007 and 2009, respectively, departed from *Conley* and redefined the pleading requirements under Rule 8." *Id.* "Courts have observed that 'Rule 8's requirements with respect to pleading defenses in an answer parallel the Rule's requirements for pleading claims in a complaint,'" *id.* (quoting *Barnes* [*v. AT&T Pension Benefit Plan*], 718 F. Supp. 2d 1167, 1172 [2010]), and "this parallelism appears to be the very reason the Ninth Circuit applied *Conley* to the pleading of affirmative defenses in *Wyshak*," id. (citing *Wyshak*, 607 F.2d at 827). Especially in light of the fact that the defendant bears the burden of proof on an affirmative defense, as the plaintiff does on a claim for relief, "'*Twombly*'s rationale of giving fair notice to the opposing party would seem to apply as well to affirmative defenses given the purpose of Rule 8(b)'s requirements for defenses.'" *Barnes & Noble, Inc.*[v. LSI Corp.], 2012 U.S. Dist. LEXIS 12719, 2012 WL 359713, at *2.

*Powertech Tech., Inc.*, 2012 U.S. Dist. LEXIS 68711, *11 (internal references omitted).

In short, this action involves eight separate claims by an individual against his former employer. Some of those claims have been brought on a class-wide basis, and some have been brought solely on an individual basis. (Reply at 2.) Because there are numerous class and individual claims at issue, Defendant's failure to link its thirty-seven (37) defenses to the particular claims for relief to which it purportedly applies is problematic—a problem that is exacerbated by Defendant's failure to articulate any facts supporting its alleged defenses. As Plaintiff contends, "[a] laundry list of thirty-seven separate defenses, none of which are asserted with any factual support, is obviously improper at any stage." (Id.)

### III. CONCLUSION

Plaintiff's motion to strike Defendant's Answer is hereby **GRANTED**. Defendant shall file its amended Answer on or before July 20, 2012.

**SO ORDERED**

July 5, 2012

_____
OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE