**O**

1
2
3
4
5
6
7
8                        **UNITED STATES DISTRICT COURT**
9                        **CENTRAL DISTRICT OF CALIFORNIA**
10

11   JOSE GONZALEZ, individually and on          Case No. CV 12-03467-ODW (FMOx)
     behalf of all others similarly situated,
12                                               **ORDER GRANTING PLAINTIFF'S**
                            Plaintiffs,          **MOTION FOR AN ORDER FOR**
13              v.                               **CORRECTIVE ACTION [49]**
14   PREFERRED FREEZER SERVICES
     LBF, LLC, and DOES 1–100, inclusive,
15
                            Defendants.
16

17        Plaintiff Jose Gonzalez moves for corrective action under Federal Rules of Civil

18   Procedure 23, on grounds that Defendant Preferred Freezer Services has improperly

19   contacted potential plaintiffs to this putative class action in efforts "to obtain releases

20   from its employees concerning the claims pled by [Gonzalez] in this action." (Mot.

21   6.)   As a result, Gonzalez asks the Court to order Preferred Freezer to release the

22   names and contact information of individuals from whom Preferred Freezer has

23   attempted to extract releases.   (Mot. 13.)   For the following reasons, the Court

24   **GRANTS** Gonzalez's motion.[1]

25        Gonzalez brought a collective action on behalf of himself and other of Preferred

26   Freezer's employees for unpaid overtime pay under California law and the Fair Labor

27   ---
28   [1] Having carefully considered the papers filed in support of and in opposition to the instant Motion,
     the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L. R.
     7-15.

1  Standards Act, 29 U.S.C. § 216(b).  (Mot. 2.)  In August 2012, Preferred Freezer
2  unilaterally drafted a "Release Agreement" that it provided to its employees, who are
3  potential plaintiffs to this putative class action.  (Mot. 6–7.)  The Agreement explained
4  that in exchange for a settlement payment "in full satisfaction of all claims that
5  Employee has, had or could have had arising out of the lawsuit or in any way related
6  thereto," the employee waived any and all claims arising out of a "former
7  employee['s]" wage-and-hour lawsuit or in any way related to the lawsuit.  (Mot. 7.)
8  But the Release Agreement did not state when this unnamed lawsuit was filed, the
9  name of the former employee, the names of the employee's attorneys, the attorneys'
10  contact information, or the period of time covered by the release.  (*Id.*)

11  Settlements are usually encouraged; however, public policy demands that
12  potential plaintiffs receive appropriate notice before entering into any release
13  agreement.  *County of Santa Clara v. Astra U.S.A., Inc.*, No. C 05-03740 WHA, 2010
14  WL 2724512, at *3 (N.D. Cal. July 8, 2010).  While pre-certification communication
15  with prospective § 216(b) plaintiffs is generally allowed, courts may issue a corrective
16  order when "defendant's communication was misleading or improper." *Parks v.*
17  *Eastwood Ins. Services, Inc.*, 235 F. Supp. 2d 1082, 1084 (C.D. Cal. 2002).  The
18  concern, of course, is that a defendant could mislead putative class members through
19  "omissions and failure to provide enough information, which can include the failure to
20  append the plaintiffs' complaint to a settlement offer." *County of Santa Clara*, 2010
21  WL 2724512, at *3.  As a result, if the Court finds that Preferred Freezer's actions
22  could mislead potential plaintiffs, then the Court can order a corrective action to
23  rectify Preferred Freezer's action.

24  The waiver Preferred Freezer tendered its employees was misleading in many
25  ways.  It did not include any information regarding this class action, except that a
26  former employee had brought a lawsuit against Preferred Freezer.  (Sinay Decl.
27  Exs. A, B.)  The waiver did not attach the Complaint, any information on when the
28  case was filed, nor any information regarding the essence of the case.  (Mot. 7.)

Preferred Freezer also did not include Gonzalez's counsel's contact information. (*See* Gamez Decl. Ex. 1.)  Even when Preferred Freezer's agents spoke to the potential plaintiffs, the agents never provided them with the name of the case. (Gamez Decl. ¶ 6.)  Furthermore, Preferred Freezer's counsel never contacted Gonzalez's counsel to confer over possible communication to Preferred Freezer's employees regarding the potential settlement. (Mot. 6.)  Thus, the waiver misleadingly failed to provide the potential plaintiffs with adequate notice of this case in order to make an informed decision regarding waiver of their rights.

Gonzalez seeks only a list of all employees (and their contact information) to whom Preferred Freezer offered the Release Agreement so that Gonzalez may personally "correct the damage wrought by [Preferred Freezer]'s misleading, unilateral communications." (Mot. 25.)  This is reasonable in light of similar decisions from other courts. *Compare County of Santa Clara*, 2010 WL 2724512, at *1 (granting motion for corrective action where defendant failed to provide a summary of plaintiff's complaint, plaintiffs' counsel contact information, and the current status of the case) *with Eshelman v. OrthoClear Holdings, Inc.*, No. C 07-01429 JSW, 2007 WL 2572349, at *1 (N.D. Cal. 2007) (denying motion for corrective action where defendants informed plaintiffs' counsel of the offer for settlement, and the offer included the second amended complaint and apprised the putative class about the pending lawsuit).

Preferred Freezer is correct when it argues that the Supreme Court's policy regarding restrictive order is to "limit[] speech as little as possible, consistent with the rights of the parties under the circumstances." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 (1981); (Opp'n 3.)  The Supreme Court has held that "[a]n order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *Gulf Oil*, 452 U.S. at 101. But Gonzalez does not seek to *limit* communications between parties and potential

1   class members; instead, Gonzalez seeks the "names and contact information of those
2   individuals from whom Preferred Freezer has attempted to extract releases" so that he
3   may *increase* the level of communication with potential class members to allow a full
4   exchange of information.  Gonzalez even acknowledges that "both sides may contact
5   [potential plaintiffs] at this precertification stage in order to evaluate this case."  (Mot.
6   13.)   Gonzalez's request therefore does not implicate any policy concerns regarding
7   limitations on speech.

8        Preferred Freezer also asserts that Gonzalez cannot obtain a corrective order to
9   a § 216(b) collective action under the FLSA because Rule 23 does not apply to
10  § 216(b) collective actions.  (Opp'n 2.)  This argument is flawed.  While § 216(b)
11  collective actions differ from a Rule 23 class action, courts still have authority to
12  govern the conduct of counsel and parties in a § 216(b) collective action.  *Hoffman-La*
13  *Roche Inc. v. Sperling*, 493 U.S. 165, 171 (1989).  Courts have "both the duty and the
14  broad authority to exercise control over a class action and enter appropriate orders"
15  governing the parties' conduct.  *Id.*

16       Preferred Freezer then argues that even if Gonzalez could seek a corrective
17  order, Preferred Freezer's actions were proper because the Department of Labor
18  ("DOL") was supervising the payment of the unpaid overtime to its employees, and as
19  a result, the waiver was valid.  (Opp'n 4–6.)  Preferred Freezer contends that it
20  voluntarily audited its payroll with DOL's supervision and tried to remedy any
21  miscomputation.  (Opp'n 4.)  But the Court here is concerned not with the *validity* of
22  the waivers but with Preferred Freezer's failure to provide sufficient information
23  relating to Gonzalez's claims so that the employees could make an informed decision
24  in accepting the waivers.  Omission of important information relating to a plaintiff's
25  case or claims is misleading.  *County of Santa Clara*, 2010 WL 2724512, at *4.
26  Although Preferred Freezer disclosed that a previous employee brought a suit against
27  it for unpaid overtime, it omitted other relevant information that would give its
28  employees sufficient notice of Gonzalez's suit.  (Mot. 6–7.)

1   Nevertheless, Preferred Freezer argues that it provided enough information to
2   its employees based on Alex Gamez's actions after receiving Preferred Freezer's offer
3   for settlement.   (Opp'n 19.)   In early August 2012, Preferred Freezer offered a
4   settlement to Alex Gamez while he was still a Preferred Freezer employee, but Gamez
5   rejected the settlement.   (*Id*.)   Gonzalez's counsel learned that Preferred Freezer was
6   offering the Release Agreement to potential plaintiffs after Gamez contacted
7   Gonzalez's counsel regarding the Agreement.   (Mot. 1.) Preferred Freezer asserts that
8   because Gamez was able to contact Gonzalez's counsel subsequently then it shows
9   that the waiver provided sufficient information without misleading the recipients.
10  (*Id*.)

11   Even though Gamez was offered the settlement, rejected it, and contacted
12  Gonzalez's counsel, this does not mean that every employee who received the
13  settlement was sufficiently informed.   (Opp'n 19.)   Gamez's actions do not necessarily
14  represent other potential plaintiffs' actions or knowledge.   For example, Gamez could
15  have known Gonzalez through their employment at Preferred Freezer and spoken with
16  Gonzalez about the lawsuit, either through happenstance or from personal knowledge
17  that Gonzalez had filed suit.   Whatever the case, Gonzalez should have the
18  opportunity to contact other potential plaintiffs to ensure that these employees are
19  fully informed of the Gonzalez's lawsuit in order to make a fully informed decision
20  whether to accept or reject the settlement.

21   In response to Preferred Freezer's misleading contact with putative class
22  members in this action, Gonzalez asks that the Court orders Preferred Freezer to
23  provide names, addresses, and telephone numbers for each and every person contacted
24  by Preferred Freezer regarding the waiver.   (Mot. 25.)   Gonzalez also requests that any
25  communication to potential plaintiffs should include all the important information
26  relating to Gonzalez's case.   (Mot. 24.)   For the reasons discussed above, the Court
27  finds this request reasonable and therefore **GRANTS** Gonzalez's motion.
28  / / /

Preferred Freezer is therefore **ORDERED** to provide Gonzalez with the contact information of all of those prospective plaintiffs in this case with whom Preferred Freezer has had contact regarding settlement.  Furthermore, any communication that either party has with putative plaintiffs must include the following information: (1) the name of this case; (2) the case number; (3) a summary of the basis of Gonzalez's claims; (4) the name of Gonzalez's attorneys and their contact information; and (5) a statement concerning the effect of executing Preferred Freezer's released documents will have on its employees' ability to participate in this lawsuit.

**IT IS SO ORDERED.**

September 27, 2012

_____
**HON. OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**