JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GONZALEZ and ALEX GAMEZ, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>PREFERRED FREEZER SERVICES LBF, LLC, a limited liability company; PREFERRED FREEZER SERVICES, LLC, a limited liability company,<br><br>    Defendants. | Case No. CV 12-03467-ODW (FMOx)<br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS-ACTION SETTLEMENT [92] AND MOTION FOR ATTORNEY'S FEES [90]; JUDGMENT OF DISMISSAL**<br><br>*Assigned to Hon. Otis D. Wright, II*<br><br>Date: July 29, 2013<br>Time: 1:30 p.m.<br>Courtroom: 11<br><br>Pre-Trial Conference: Not Set<br>Trial Date: Not Set |

On April 24, 2013, this Court preliminarily approved the Settlement Agreement and Release ("Settlement Agreement") reached in the within action between Plaintiffs Jose Gonzalez and Alex Gamez ("Plaintiffs"), on behalf of themselves and all others similarly situated, and Defendants Preferred Freezer Services, LLC and Preferred Freezer Services LBF, LLC ("Defendants").[1] (ECF No. 89.) In connection with the Order granting preliminary approval, the Court conditionally certified the following Class for settlement purposes:

> All hourly-paid individuals employed in the cold-storage warehouses of Preferred Freezer Services, LLC's subsidiaries located in California during the period of time from March 15, 2008, through March 31, 2012; and all hourly-paid individuals employed by Preferred Freezer Services, LLC's subsidiaries located outside of California during the period of time from March 15, 2010, through March 31, 2012. (*Id.* at 3.)

Plaintiffs now move the Court for final approval of the Settlement Agreement, as well as for fees and costs associated with prosecuting and settling this action. (ECF Nos. 90, 92.) Having read and considered the unopposed moving papers, having conducted a final fairness hearing as required by Federal Rule of Civil Procedure 23(e), and good cause appearing, the Court hereby **ORDERS** as follows:

1. The following Settlement Class is certified under Federal Rule of Civil Procedure 23(c):

> All members of the Class preliminarily approved on April 24, 2013, who did not properly and timely request exclusion pursuant to the procedures specified in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of this Lawsuit and all of the parties herein, including the Settlement Class, under 28 U.S.C. § 1331.

---

[1] Unless otherwise noted, capitalized terms herein have the meanings used in the Settlement Agreement, attached as Exhibit 2 to the July 1, 2013, Declaration of Alan Harris.

3. The Settlement Agreement is fair, reasonable, and adequate to the Settlement Class when balanced against the probable outcome of extensive and costly litigation. Substantial formal and informal discovery, investigation, and research have been conducted such that the Settling Parties' respective counsel have been reasonably able to evaluate their respective positions.

4. The Settlement Agreement was the result of intensive, non-collusive, arm's-length negotiations, including private mediation before an experienced wage-and-hour mediator; thorough factual and legal investigation; and the good-faith exchange of information and documents.

5. The Court has considered the nature of Plaintiffs' claims, the amounts and kinds of benefits to be paid under the Settlement Agreement, the allocation of the settlement proceeds to the Settlement Class, and the fact that the Settlement Agreement represents a compromise of the Settling Parties' respective positions rather than the result of a finding of liability at trial.

6. The Court further finds that the response of the Class to the terms of the Settlement Agreement supports final approval, as no Settlement Class Member has objected to the Settlement Agreement and as no Settlement Class Member has requested exclusion. The Settlement Agreement therefore merits final approval under Federal Rule of Civil Procedure 23(e).

7. The form, manner, and content of the Class Notice delivered to the Class preliminarily approved by the Court on April 24, 2013, constituted the best notice practicable under the circumstances. Individual notice was provided to all members of the preliminarily approved Class by regular mail to their respective last-known addresses on file with Defendants, as updated by the Claims Administrator through the National Change of Address database. The Claims Administrator took further steps to provide the Class Notice and Claim Form to the preliminarily approved Class by performing a skip-trace on all returned-undeliverable mail. The Class Notice and Claim Form informed members of the preliminarily approved Class of the terms of the Settlement Agreement,

their right to object to the Settlement Agreement or to request exclusion, and their right to appear in person or by counsel at the final-approval hearing. The Class Notice provided ample time for members of the preliminarily approved Class to follow these procedures. Accordingly, the form, manner, and content of the Class Notice meets the requirements of Federal Rule of Civil Procedure 23(c)(2).

8. This Order and Judgment applies to all claims or causes of action settled under the terms of the Settlement Agreement, and shall be fully binding with respect to all Settlement Class Members. In other words, Settlement Class Members are hereby barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, any and all claims released as provided in the Settlement Agreement. All of the released claims shall be conclusively deemed released and discharged as to the Released Parties as provided in the Settlement Agreement.

9. This Order and Judgment shall have the force and effect of res judicata as to each Settlement Class Member.

10. All claims asserted by Plaintiffs are hereby dismissed with prejudice.

11. All payments to Settlement Class Members, Class Counsel, and the Claims Administrator shall be disbursed pursuant to the terms of the Settlement Agreement and the April 19, 2013, Stipulation designating a Claims Administrator. Payments for Class Counsel's fees and costs, on the one hand, and the Claims Administrator's fees and costs, on the other hand, shall be made in the amounts specified below.

12. Harris & Ruble are qualified to represent the Settlement Class, and the Court confirms their appointment as Class Counsel. Harris & Ruble's request for an award of attorney's fees in the amount of $135,000 and for reimbursement of incurred costs in the amount of $12,277.71 is hereby **GRANTED** under Federal Rule of Civil Procedure 23(h). No objections have been made to the requested fees and costs, and the requested amounts are fair and reasonable in light of the time and effort expended by Harris & Ruble in prosecuting the Lawsuit, which time and effort benefitted the Settlement Class.

13. The Court approves the payment of settlement-administration fees and expenses to Gilardi & Co., LLC in the amount of $8,500.

14. The Court finds that it is appropriate to **GRANT** incentive payments in the amounts of $5,000 and $4,000 to Plaintiffs Gonzalez and Gamez, respectively, in recognition of their contributions to the Lawsuit and their services to the Settlement Class. These payments shall be made pursuant to the procedures specified in the Settlement Agreement.

15. The Court finds that the payment of residual funds to the California Labor and Workforce Development Agency ("LWDA"), as detailed in the Settlement Agreement, in settlement of the LWDA's share of the penalties alleged by Plaintiffs, is fair and reasonable. This payment shall therefore be made according to the procedures specified in the Settlement Agreement.

16. Without affecting the finality of this Order and Judgment in any way, the Court hereby retains jurisdiction over the parties, including the Settlement Class Members, for the purpose of construing, enforcing, and administering this Order and Judgment, as well as the Settlement Agreement itself. This Order and Judgment shall constitute a final judgment for purposes of Federal Rule of Civil Procedure 58.

17. This case is hereby **DISMISSED WITH PREJUDICE**, with all parties to bear their own costs, except as set forth herein.

**IT IS SO ORDERED.**

July 29, 2013

Otis D. Wright, II
U.S. District Court Judge